

LOCKRIDGE
GRINDAL
NAUEN
P . L . L . P .
Attorneys at Law

*www.locklaw.com*

**MINNEAPOLIS**
Suite 2200
100 Washington Avenue South
Minneapolis, MN 55401-2179
T  612.339.6900
F  612.339.0981

**WASHINGTON, D.C.**
Suite 210
415 Second Street, N.E.
Washington, DC 20002-4900
T  202.544.9840
F  202.544.9850

**Kate M. Baxter-Kauf**
kmbaxter-kauf@locklaw.com
Direct: 612-596-4007
REPLY TO MINNEAPOLIS

June 25, 2013

**VIA ECF**
THE HONORABLE TONY N. LEUNG
United States District Court
342 Warren E. Burger Federal Courthouse
316 N. Robert Street
St. Paul, MN 55101

> Re:   *Khoday, et al v. Symantec Corp., et al.*
>        Court File No. 11-cv-00 180 JRT-TNL

Dear Judge Leung:

We represent Plaintiffs Devi Khoday and Danise Townsend ("Plaintiffs"), and also Deborah Wentz, in the referenced action and pending Motion for Protective Order Prohibiting Discovery currently before the Court (the "Motion") [ECF No. 142]. In accordance with Local Rule 7.1(b)(3), we submit this letter to request permission to file a reply memorandum in support of this nondispositive motion.

On June 14, 2013, Plaintiffs and Ms. Wentz filed the Motion in order to prevent Symantec Corp. ("Symantec"), one of the defendants in the instant action, from seeking a deposition and extensive document production from a non-party to the litigation and daughter of one of the Plaintiffs' attorneys. On June 21, 2013, Symantec filed a Memorandum of Law in Opposition to the Motion [ECF No. 168], that, among other arguments, accuses Plaintiffs' counsel of engaging in "lawyer-driven" litigation, an allegation which we take seriously and to which we would like a chance to respond in advance of the hearing set for next Monday, July 1, 2013. We would also like to make clear that the testimony sought by Symantec is irrelevant, comprised entirely of attorney-work product not subject to discovery, and an effort to harass Plaintiffs' counsel on the eve of class certification.

Granting such an order would both allow a full and fair exploration of the issues in advance of a busy motion day, and would also ensure that all arguments were adequately briefed. Finally, there is no prejudice to Defendants in granting such a motion, as Plaintiffs and Ms. Wentz used nowhere near the 12,000 words allocated for a non-dispositive motion in their prior filing. *See* Word Count Compliance Certificate [ECF No. 144-1] (noting that Plaintiffs' and Ms.

June 25, 2013


Wentz's brief contains 2,157 words).  Plaintiffs and Ms. Wentz are willing to limit their Reply to no more than 1000 words, and submit their Reply by Thursday, June 27, 2013, at noon, in consideration of the Court's time.

Plaintiffs and Ms. Wentz thank the Court for its consideration.


Respectfully Submitted,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.


Kate M. Baxter-Kauf