UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DEVI KHODAY and DANISE TOWNSEND, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SYMANTEC CORP. and DIGITAL RIVER, INC.,<br><br>Defendants. | Civil Action No. 11-CV-00180 (JRT-TNL)<br><br>CLASS ACTION |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE**

Upon consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (the "Motion"), it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. The Court finds that the settlement set forth in the Settlement Agreement dated August 17, 2015 (the "Settlement" or "Settlement Agreement"), between Defendants Symantec Corp. and Digital River, Inc. (collectively "Defendants") and Plaintiffs Devi Khoday and Danise Townsend (collectively, "Plaintiffs") individually and as representatives of the Class, subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable, and adequate to authorize dissemination of class notice. This Order incorporates herein, and makes a part thereof, the Settlement

495693.1

Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings herein.

3. This Court, by Order of March 31, 2014, previously certified the Class as: all persons in the United States who purchased Extended Download Service for Norton products or Norton Download Insurance between January 24, 2005 and March 11, 2011.

4. Class members who have not previously opted out of the Class and who now wish to be excluded from the Class shall mail a written Request for Exclusion to the Settlement Administrator, so that it is postmarked no later than twenty one (21) days before the hearing on final settlement approval (the "Final Approval (Final Fairness) Hearing"), and shall clearly state the following: the name, address, email address, telephone number, and the signature of the individual or entity who wishes to be excluded from the Class, and provide all such information as may be required by the Settlement Agreement or requested by the Settlement Administrator.

5. A person who submits a valid Request for Exclusion shall not be bound by the Settlement Agreement, or the Final Approval Order and Judgment. Not later than fifteen (15) days before the Final Approval (Final Fairness) Hearing, the Settlement Administrator shall prepare and deliver to Class Counsel, who shall file it with the Court, and counsel for Defendants, a report stating the total number of Persons who have submitted timely and valid Requests for Exclusion from the Class and the names of such Persons. Such Persons will not be entitled to receive any relief under the Settlement Agreement.

6. Any Class member who does not properly and timely mail a Request for Exclusion as set forth in paragraph 4 above shall be automatically included in the Class and shall be bound by all the terms and provisions of the Settlement Agreement, the Settlement, this Order Granting Preliminary Approval of Settlement, and the Final Approval Order and Judgment, whether or not such Class member received actual notice or shall have objected to the Settlement and whether or not such Class member makes a Claim upon or participates in the Settlement.

7. To effectuate the Settlement Agreement and Settlement, the Settlement Administrator shall be responsible for the receipt and processing of all Requests for Exclusion and Claim Forms.  The Settlement Administrator shall preserve (on paper or transferred in to electronic format) all Requests for Exclusion, Claim Forms, and any and all other written communications from Class members in response to the Notices for a period of three (3) years, or pursuant to further order of the Court.  All written communications received by the Settlement Administrator from Class members relating to the Settlement Agreement shall be available at all reasonable times for inspection and copying by Plaintiffs' Counsel and counsel for Defendants, including prior to payments being mailed to each Class member.

8. Class members who have not requested exclusion from the Class may object to the Settlement.  Class members who choose to object to the Settlement must file written notices of intent to object with the Court and serve copies of any such objection on counsel for the Parties.  Any Class member may appear at the Final Approval (Final Fairness) Hearing, in person or by counsel, and be heard to the extent permitted under

applicable law and allowed by the Court, in opposition to the fairness, reasonableness and adequacy of the Settlement, and on Plaintiffs' Counsel's application for any award of attorneys' fees and costs. The right to object to the Settlement must be exercised individually by an individual Class member and, except in the case of a deceased, minor, or incapacitated Person or where represented by counsel, not be the act of another Person acting or purporting to act in a representative capacity.

9. To be effective, a notice of intent to object to the Settlement that is filed with the Court must:

(a) Contain a caption that includes the name of the case as follows: *Khoday v. Symantec*, Case No. 11-CV-00180 (JRT-TNL);

(b) Provide the name, address, email address used to purchase Download Insurance, telephone number and signature of the Class member filing the intent to object;

(c) Provide the approximate date of his/her purchase(s) of Download Insurance;

(d) Be filed with the District of Minnesota Clerk of the Court not later than thirty (30) days prior to the Final Approval (Final Fairness) Hearing;

(e) Be served on Plaintiffs' Lead Counsel and counsel for Defendants so as to be received no later than thirty (30) days prior to the Final Approval (Final Fairness) Hearing;

(f) Contain the name, address, bar number and telephone number of the objecting Class member's counsel, if represented by an attorney;

  (g) Contain the number of class action settlements objected to by the Class member in the last three years; and

  (h) State whether the objecting Class member intends to appear at the Final Approval (Final Fairness) Hearing, either in person or through counsel.

 10. In addition to the foregoing, if the Class member is represented by counsel and such counsel intends to speak at the Final Approval (Final Fairness) Hearing, a notice of intent to object must contain the following information:

  (a) A detailed statement of the specific legal and factual basis for each and every objection; and

  (b) A detailed description of any and all evidence the objecting Class member may offer at the Final Approval (Final Fairness) Hearing, including copies of any and all exhibits that the objecting Class member may introduce at the Final Approval (Final Fairness) Hearing.

 11. Any Class member who does not file a timely and adequate notice of intent to object in accordance with these provisions waives the right to object or to be heard at the Final Approval (Final Fairness) Hearing and shall be forever barred from making any objection to the Settlement.  To the extent any Class member objects to the Settlement, and such objection is overruled in whole or in part, such Class member will be forever bound by the Final Approval Order and Judgment of the Court.

 12. The filing of an objection allows Plaintiffs' Counsel or counsel for Defendants to notice such objecting Class member for and take his, her, or its deposition consistent with the Federal Rules of Civil Procedure at an agreed-upon location, and to

seek any documentary evidence or other tangible things that are relevant to the objection. Failure by an objecting Class member to make himself, herself, or itself available for a deposition or to comply with expedited discovery requests may result in the Court striking the Class member's objection and otherwise denying that Class member the opportunity to make an objection or be further heard.  The Court reserves the right to tax the costs of any such discovery to the objecting Class member or the objecting Class member's separate counsel should the Court determine that the objection is frivolous or is made for an improper purpose.

13.   In order to be entitled to participate in the Net Settlement Fund (as defined in the Notice), a member of the Class who has not requested exclusion therefrom must submit a valid Claim on or before February 18, 2016.  Any member of the Class who does not submit a timely, valid Claim shall not be entitled to share in the Settlement Fund, but nonetheless shall be barred and enjoined from asserting any of the Released Claims.

14.   The Final Approval (Final Fairness) Hearing will be held before this Court, in Courtroom 15, at the United States District Court for the District of Minnesota, 300 South Fourth Street, Minneapolis, MN 55415,  on January 19, 2016 at 11:00a.m., or another date set by the Court, to consider, *inter alia*, the following: (a) the fairness, reasonableness and adequacy of the Settlement; (b) the dismissal with prejudice of the Action as to Defendants; (c) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives ("the Fee and Cost Application") should be granted; (d) whether to finally approve the Settlement

6

Agreement; and (e) whether the Court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by the Court approving the Agreement and the Class should be deemed as a final judgment under Fed. R. Civ. P. 54(b) with respect to all Claims by Class members against Defendants and all Released Parties.

15. No later than fifteen (15) calendar days before the Final Approval (Final Fairness) Hearing, the Settlement Administrator shall provide to Plaintiffs' Counsel and counsel for Defendants the following information: (i) the number of E-Mail Notices and Postcard Notices sent to Class members; (ii) the approximate number of visits to the Settlement website from the date of entry of a Preliminary Approval Order; (iii) the names of Class members who have requested exclusion from the Settlement; and (iv) such other similar tracking information reasonably requested by Plaintiffs' Counsel and Defendants' counsel.

16. Plaintiffs' Counsel shall file memoranda, declarations, or other statements and materials in support of final approval of the Settlement Agreement and the Fee and Cost Application, no later than forty-five (45) days prior to the Final Approval (Final Fairness) Hearing.

17. Plaintiffs' Counsel shall file any reply papers in support of final approval of the Settlement Agreement and the Fee and Cost Application and the Parties shall file any response to any objections from Class members by seven (7) days prior to the Final Approval (Final Fairness) Hearing.

18. The Settlement on the terms and conditions of the Settlement Agreement filed concurrently with the Motion for Preliminary Approval is hereby preliminarily approved, but is not to be deemed an admission of liability or fault by Defendants or by any other party or person, or a finding of the validity of any claims asserted in the litigation or of any wrongdoing or of any violation of law by Defendants. The Settlement is not a concession and shall not be used as an admission of any fault or omission by Defendants or any other party or person.

19. Upon Final Approval, each and every term and provision of the Settlement Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an order of the Court.

20. In the event that the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs and Defendants.

21. Neither this Order nor the Settlement Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by Defendants and/or any Released Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order.

22. Summary of Dates and Deadlines:

| | |
|---|---|
| Last day to disseminate class notice: | **Email:** Due to the large number of potential Class members, it is expected that the Settlement Administrator shall use commercially reasonable efforts to complete electronic mailing of these notices to Class members within 30 days after entry of the Preliminary Approval Order |
| | **Postcard:** 30 days from the date the email notice is returned undeliverable. |
| Last day to file (1) Motion for Final Approval and (2) Fee and Cost Application: | 45 days prior to Final Approval (Final Fairness) Hearing |
| Last day for objections to Settlement or opposition to Motion for Final Approval of Fee and Cost Application | 30 days prior to Final Approval (Final Fairness) Hearing |
| Last day for Class members to opt-out of the Settlement: | 21 days prior to Final Approval (Final Fairness) Hearing |
| Last day for the Parties to file replies to any Class member objections to the Motion for Final Approval or Fee and Cost Application: | Seven days prior to Final Approval (Final Fairness) Hearing |
| Fairness Approval (Final Fairness) Hearing: | At least 100 days after entry of the Preliminary Approval Order |

23.     The Court approves the retention of Garden City Group, Inc. ("Garden City") to serve as Settlement Administrator for this Settlement.  Garden City will work under the direction of Plaintiffs' Counsel and in accordance with Court orders to provide Class Notice, respond to inquiries from Class members, receive Requests for Exclusion

9

and, at a later time, receive and process Class member Claims and distribute Settlement proceeds to Class members.

24. Notice shall be provided to the members of the Class. The Court approves the form of the E-Mail Notice, Newspaper Notice, Long Form Notice and Claim Form and Postcard Notice (the "Notices") attached hereto as Exhibits 1, 2, 3, 4 and 5, respectively. The Court finds that the dissemination of the Notices in the manner set forth in paragraph 25 below constitutes the best notice practicable under the circumstances as well as valid, due, and sufficient notice to all persons entitled thereto and complies fully with Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution.

25. The Settlement Administrator shall cause the Email Notice to be disseminated, in substantially the form attached as Exhibit D to the Settlement Agreement, by sending it out via e-mail to members of the Class within 30 days following entry of this Order. For any individual whose email address bounces back, the Settlement Administrator shall mail the Postcard Notice to the mailing address contained in Defendants' records that were previously provided to Plaintiffs in conjunction with the Notice of Pendency of Class Action. The Email Notice and Post Card Notice shall direct Class members to a website – maintained by the Settlement Administrator – which will contain, *inter alia,* the Long Form Notice and Claim Form (Exhibits E and A of the Settlement Agreement, respectively); this Preliminary Approval Order; Plaintiffs' Amended Class Action Complaint; and a copy of the Settlement Agreement. The Notice Administrator shall also implement the publication notice program through a four-week

social media and Google advertising campaign, issuance of a press release through *PR Newswire* and the publication of a newspaper Notice in *USA Today*. The publication notice program shall direct Class members to the dedicated website, and/or to contact the Settlement Administrator for more information. The publication notice program is hereby approved as to form and shall be substantially in the form described in the Settlement Agreement. The publication notice program shall be launched as described above within 30 days following entry of this Order.

26. The Settlement Administrator is directed to file with the Court and serve upon Class Counsel, no later than twenty (20) days after the termination of the publication notice, a declaration confirming that dissemination of the Notice to the Class has taken place in accordance with this Order.

27. Class Counsel are authorized to pay from the Settlement Fund the costs, as they are incurred, of providing Notice in accordance with this Order and maintaining the Settlement Fund, including taxes and tax expenses.

**IT IS SO ORDERED.**

DATED: October 8, 2015
at Minneapolis, Minnesota.                             s/John R. Tunheim
                                                       JOHN R. TUNHEIM
                                                       Chief Judge
                                                       United States District Court