UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DEVI KHODAY and DANISE TOWNSEND, *individually and on behalf of the class they represent*,<br><br>Plaintiffs,<br><br>v.<br><br>SYMANTEC CORP. and DIGITAL RIVER, INC.,<br><br>Defendants. | Civil No. 11-180 (JRT/TNL)<br><br>**MEMORANDUM OPINION AND ORDER ON PLAINTIFFS' MOTION FOR APPEAL BOND** |

Karen Hanson Riebel and Kate M. Baxter-Kauf, **LOCKRIDGE GRINDAL NAUEN PLLP**, 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401; Andrew N. Friedman, Douglas J. McNamara, and Sally M. Handmaker, **COHEN MILSTEIN SELLERS & TOLL PLLC**, 1100 New York Avenue N.W. Suite 500, Washington, D.C. 20005; Jean Wentz, **THE WENTZ LAW FIRM**, 225 South Grand Avenue, Los Angeles, CA 90012; and Lee S. Shalov, **MCLAUGHLIN & STERN, LLP**, 260 Madison Ave, Nineteenth Floor, New York, NY 10016, for plaintiffs.

Robert C. Black, III, **ATTORNEY AT LAW**, 7400 Metro Boulevard, Suite 425, Edina, MN 55439, for objector Michelle VanDeVoorde.

Brent F. Vullings, **VULLINGS LAW GROUP, LLP**, 3953 Ridge Pike, Suite 102, Collegeville, PA 19426, and Mark L. Vavreck, **GONKO & VAVRECK, PLLC**, 401 North Third Street, Suite 600, Minneapolis, MN 55401, for objector Erin C. Caligiuri.

Plaintiffs Devi Khoday and Danise Townsend commenced this putative class action against Defendants Symantec Corp. and Digital River, Inc., in 2011, alleging that Defendants sold download insurance that was unnecessary and duplicative of free

alternatives. In April 2015, after class certification, the parties agreed to a $60 million settlement. On April 22, 2016, the Court adopted a Report and Recommendation ("R&R") issued by United States Magistrate Judge Tony N. Leung recommending that the Court give final approval to the settlement. In adopting the R&R and approving the settlement, the Court rejected several objections, finding that they lacked merit and that the settlement was otherwise fair and reasonable.

Two of the objectors, Michelle VanDeVoorde and Erin C. Caligiuri, have appealed the Court's final approval of the settlement. Khoday and Townsend now move the Court for an order directing VanDeVoorde and Caligiuri to post an appeal bond under Federal Rule of Appellate Procedure 7 in the amount of $66,040 – $1,472 for direct appeal costs and $64,568 for estimated class administrative costs, including the costs of maintaining the claims website and responding to inquiries from class members. VanDeVoorde and Caligiuri do not object to jointly posting an appeal bond for $1,472 in direct appeal costs, but argue that class administrative costs are not permitted under Rule 7. The Court agrees – Khoday and Townsend cannot rely on Federal Rule of Appellate Procedure 38 to seek an appeal bond that includes class administrative costs, and Plaintiffs have not cited any other rule or statute that would authorize the recovery of such costs. The Court will accordingly grant in part and deny in part Plaintiffs' motion and order VanDeVoorde and Caligiuri to jointly post an appeal bond for $1,472 in direct appeal costs.

## ANALYSIS

Rule 7 allows the Court to "require an appellant to file a bond . . . to ensure payment of costs on appeal." Fed. R. App. P. 7. Although the Eighth Circuit has not yet defined what constitutes "costs on appeal," most circuit courts that have addressed the issue have "linked that phrase to costs that a successful appellate litigant can recover pursuant to a specific rule or statute." *Tennille v. W. Union Co.*, 774 F.3d 1249, 1254-55 (10th Cir. 2014) (citing cases from the D.C., First, Second, Sixth, Ninth, and Eleventh Circuits); *but see In re Nutella Mktg. & Sales Practices Litig.*, 589 F. App'x 53, 61 (3d Cir. 2014) (finding that the district court did not err by imposing an appeal bond that included class administrative costs, but not linking those costs to any specific rule or statute). Applying this majority approach, for the Court to impose an appeal bond that includes class administrative costs, Khoday and Townsend must point to some rule or statute authorizing their recovery. Here, Khoday and Townsend rely on only one rule, which is Rule 38. But that reliance is unavailing.

Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may . . . award just damages . . . to the appellee." Fed. R. App. P. 38. Khoday and Townsend argue that because the Eighth Circuit is likely to (1) find that VanDeVoorde and Caligiuri's appeals are frivolous and (2) award class administrative costs as damages under Rule 38, this Court may include estimated class administrative costs in the appeal bond. Multiple circuit courts, however, have rejected this type of argument, and the Court will do the same here.

In *Azizian v. Federated Department Stores, Inc.*, for example, the Ninth Circuit considered whether a district court could impose a Rule 7 appeal bond that included attorney's fees on the basis that attorney's fees were likely to be recoverable under Rule 38. 499 F.3d 950, 960 (9th Cir. 2007). The Ninth Circuit answered this question in the negative, finding that a determination of frivolity "under Rule 38 is highly exceptional . . . [and] difficult to gauge prospectively"; that "[a]llowing district courts to impose high Rule 7 bonds . . . where the appeals **might** be found frivolous risks 'impermissibly encumber[ing]' appellants' right to appeal"; and that "the question of whether, or how, to deter frivolous appeals is best left to the courts of appeals." *Id.* at 960-61.

The Fifth Circuit considered a similar argument in *Vaughn v. American Honda Motor Co.* and reached the same conclusion as the Ninth Circuit, finding that "[t]here is no provision in the rules of procedure for a district court to predict that an appellate court will find an appeal frivolous and to set a bond for costs on appeal based on an estimate of what 'just damages' and costs the appellate court **might** award;" that "the appellate court is generally better qualified to determine whether an appeal lacks merit"; and that "[t]he district court could not use Rule 7 in conjunction with Rule 38 as a vehicle to erect a barrier to [the appellant's] appeal." 507 F.3d 295, 299 (5th Cir. 2007).

The D.C. Circuit also reached this conclusion in *In re American President Lines, Inc.*, finding that it is "for the court of appeals, not the district court, to decide whether Rule 38 costs and damages should be allowed in any given case" and that a Rule 7 appeal bond including potential Rule 38 costs and damages would "effectively preempt[ the

appellate] court's prerogative to determine . . . whether [the appellee] is entitled to Rule 38 recovery."  779 F.2d 714, 717 (D.C. Cir. 1985).

As far as the Court can tell, only the First Circuit has taken a contrary view.  In *Sckolnick v. Harlow*, the court found, without explaining its reasoning, that a district court did not abuse its discretion by including attorney's fees in a Rule 7 appeal bond because they were recoverable under Rule 38.  820 F.2d 13, 15 (1st Cir. 1987).  The Court, however, is not swayed by *Sckolnick* and instead finds that the reasoning from *Azizian*, *Vaughn*, and *In re American President Lines* is more persuasive – whether VanDeVoorde and Caligiuri's appeals are frivolous under Rule 38, as well as how best to deter frivolous appeals, are matters for the Eighth Circuit to decide and not factors for this Court to consider in calculating a Rule 7 appeal bond.

Because Khoday and Townsend cannot rely on Rule 38, they must point to some other rule or statute that would allow them to recover their estimated class administrative costs.  *Tennille*, 774 F.3d at 1254-55.  But Khoday and Townsend have not cited, and the Court cannot find, any such rule or statute.  The Court will thus decline to impose a Rule 7 appeal bond that includes class administrative costs.  *See id.* at 1256 (finding that "the district court erred in imposing a Rule 7 appeal bond that included" various administrative costs "[b]ecause Plaintiffs ha[d] not identified any rule or statute that allows them to recover" such costs).

The Court notes that several other courts in this district have imposed Rule 7 appeal bonds that included class administrative costs, and did so either by relying on Rule 38, *see Wolfchild v. Redwood Cty.*, 112 F. Supp. 3d 866, 879-80 (D. Minn. 2015), *rev'd*

*on other grounds*, No. 15-1580, 2016 WL 3082341 (8th Cir. June 1, 2016), or without relying on any particular rule or statute, *see In re Target Corp. Customer Data Sec. Breach Litig.*, No. 14-2522, 2016 WL 259676, at *1-2 (D. Minn. Jan. 21, 2016); *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, No. 11-2247, 2012 WL 3984542, at *4-6 (D. Minn. Sept. 11, 2012). The Court also notes that the Eighth Circuit is currently considering an appeal from *In re Target Corp.*, in which it will presumably address the question of what constitutes "costs of appeal" under Rule 7. In light of these contrary cases as well as the pending appeal, the Court will deny without prejudice Khoday and Townsend's request for an appeal bond that includes class administrative costs. If the Eighth Circuit defines "costs of appeal" in a manner inconsistent with this Order, the Court will permit Khoday and Townsend to renew their motion at that time.[1]

**ORDER**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Plaintiffs' Motion for Appeal Bond [Docket No. 441] is **GRANTED in part** and **DENIED in part**, as follows:

    a.  Objectors VanDeVoorde and Caligiuri are required to post an appeal bond in the amount of $1,472 for direct appeal costs.

---

[1] During the pendency of an appeal, the Court retains jurisdiction "to issue orders regarding the filing of bonds." *Venen v. Sweet*, 758 F.2d 117, 120 n.2 (3d Cir. 1985) (citing Fed. R. App. P. 7).

      b.      Plaintiffs' request that the appeal bond include $64,568 for estimated class administrative costs is **DENIED without prejudice**.

      2.      VanDeVoorde and Caligiuri are jointly and severally liable for the full amount of the appeal bond.

      3.      VanDeVoorde and Caligiuri shall file, within ten (10) days of the date of this Order, proof that they have secured the bonds directed by this Order and shall further file the original bonds with the Clerk of Court.

DATED: July 28, 2016  
at Minneapolis, Minnesota.

                                                                      s/ John R. Tunheim  
                                                                       JOHN R. TUNHEIM  
                                                                           Chief Judge  
                                                           United States District Court